**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| Plaintiff, | ) | Case No. 2:14-cv-02140-APG-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JAMES COX. et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Application for Leave to Proceed *in forma pauperis* (#1), filed on December 16, 2014. This matter is also before the Court on Plaintiff's Motion for Leave to File a Longer than Normal Complaint (#31), filed on August 14, 2015. This matter is also before the Court on Plaintiff's Motion for Protective Order to Allow Plaintiff to Proceed Using Pseudonym (#34), filed on August 14, 2015.

**BACKGROUND**

Plaintiff challenges Defendants' policies regarding the treatment and housing of HIV positive inmates in the Nevada prison system. Specifically, Plaintiff alleges that Defendants' policy of "House Alike/House Alone" resulted in the inadvertent disclosure of his HIV status to the general prison population. Plaintiff filed this § 1983 action claiming that Defendants have violated his 8th and 14th Amendment rights. Plaintiff also argues that Defendants are liable for disability discrimination and for violating various state privacy laws.

. . .

. . .

. . .

**DISCUSSION**

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.    Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard

1    under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than

2    mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A

3    formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,*

4    478 U.S. 265, 286 (1986).

5          All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

6    prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

7    conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims

8    of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

9    factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319,

10   327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

11   **III.     Instant Complaint**

12         Plaintiff alleges that Defendants violated his right to Due Process and Equal Protection

13   under the 14th Amendment and his right to be free from cruel and unusual punishment under the 8th

14   Amendment.  Plaintiff also alleges that Defendant is liable for disability discrimination and for

15   violating the medical privacy laws of the State of Nevada.

16        **A.     § 1983**

17         Plaintiff brings his claims against the Defendants under 42 U.S.C. § 1983. § 1983 creates a

18   path for the private enforcement of substantive rights created by the Constitution and Federal

19   statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989).  In order to state a claim under § 1983, a

20   plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United

21   States, and must show that the alleged deprivation was committed by a person acting under color of

22   law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988); *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 838

23   (1982).  A person acts "under color of law" if he "exercise[s] power possessed by virtue of state law

24   and made possible only because the wrongdoer is clothed with the authority of state law." *West*,

25   487 U.S. at 49.

26         Any governmental entity that is considered "an arm of the state" is not a "person" within the

27   meaning of § 1983. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 (1997).  § 1983

28   claims against an arm of the state are legally frivolous.  *See Jackson v. Arizona*, 885 F.2d 629, 641

(9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  Nevada Department of Corrections ("NDOC") and the Nevada Board of State Prisoner Commissioners ("the Board") are considered arms of the state, and any claims for damages against them must be dismissed with prejudice.  *Mauwee v. Nevada Dept. of Corrections*, 2013 WL 5202301 at *7 (D. Nev. 2013) citing *Doe v. Lawrence Livermore Nat'l Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).   However, Plaintiff may maintain a claim against NDOC and the Board for injunctive relief.  *Mauwee*, 2013 WL 5202301 at *7.  Similarly, Plaintiff's claims against prison officials in their official capacity may be maintained only for injunctive relief, and not damages. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 5032 U.S. 21, 27 (1991), *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

## B.    14th Amendment

Plaintiff alleges that Defendants violated his rights to Equal Protection and the Due Process clause by placing him in segregated housing and revealing his HIV positive status to the general prison population.  Plaintiff accuses Defendants of knowingly creating the policy of "House Alike/House Alone" that led to disclosure of Plaintiff's HIV status.  Plaintiff argues that an Equal Protection violation occurs when one group is singled out and treated differently.  To establish a violation of the Equal Protection Clause of the 14th Amendment, Plaintiff must present evidence of discriminatory intent.  *See Washington v. Davis*, 426 U.S. 229, 239-40; *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003).  Plaintiff argues that Defendants' deliberate policies discriminate against those with HIV, and that NDOC and other Defendants are aware of these policies.  Besides working in the prison and utilizing the policies, Defendants were placed on notice, according to Plaintiff, when the United States Department of Justice and the American Civil Liberties Union opened an investigation into the "House Alike/House Alone" policies at High Desert State Prison. Plaintiff has pled sufficient facts to show that he was discriminated against by the prison due to his HIV status and that the prison intended to discriminate against him.  Plaintiff has therefore sufficiently pled a claim for violation of the Equal Protection clause.

An inmate's right to procedural due process only arises when a constitutionally protected liberty or property interest is at stake. *Cepero v. High Desert State Prison*, Case No. 3:12-cv-263-MMD-VPC, 2015 WL 1308690 at *13 (D. Nev. 2015) citing *Wilkingson v. Austin*, 545 U.S. 209, 221 (2005). Plaintiff alleges that a liberty interest was created by Nevada's medical privacy laws; specifically, Plaintiff cites Nev. Rev. Stat. § 208.385(4), which requires that HIV positive prisoners be segregated from other offenders, and NDOC policy AR 610.03, which is the administrative regulation outlining measures taken with HIV positive inmates. Plaintiff's allegations appear to be that Plaintiff has been removed from the general population, had his medical information disclosed, and has received threats from other inmates for not disclosing his HIV status.

An inmate does not have a liberty interest in actions by prison officials that fall within "the normal limits or range of custody which the conviction has authorized the State to impose." *Sandin v. Connor*, 515 U.S. 472, 478 (1995). An inmate does not have a liberty interest in remaining part of the general prison population. *Cepero*, 2015 WL 1308690 at *13 citing *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1315 (9th Cir. 1995). Plaintiff therefore cannot base his due process claim on his removal from the general population and placement in specific housing.

State law creates a liberty interest deserving of protection under the 14th Amendment when the deprivation (1) restrains the inmate's freedom in a manner not expected from his or her sentence and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 505 U.S. at 483-484. Plaintiff argues that the State medical privacy laws prevent the disclosure of private medical diagnoses, and therefore creates a liberty interest for the Plaintiff. Plaintiff does not demonstrate that being housed in the HIV wing of the prison under the "House Alike/House Alone" policy restricts his freedoms in an unexpected manner. Plaintiff does note that he was threatened due to the other inmates finding out his HIV status, but does not claim that any actual injury occurred. It is unclear if threats without injury rise to the level of "atypical and significant hardship." Plaintiff has not sufficiently established that the disclosure of his private medical information has restrained his freedom or that it has imposed an atypical or significant hardship on him during his incarceration. Plaintiff has therefore not sufficiently pled a claim for Due Process violations under the 14th Amendment.

5

1

**C.      8th Amendment**

2       "Prison officials have a duty to take reasonable steps to protect inmates from harm."

3   *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982).  In order to establish a violation of this duty,

4   the plaintiff must establish that prison officials were deliberately indifferent to serious threats to the

5   inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  There is a subjective and an

6   objective element to the deliberate indifference standard. *Antonetti v. Skolnik*, 748 F.Supp. 2d 1201,

7   1208 (D. Nev. 2010).  First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.*

8   quoting *Farmer*, 511 U.S. at 834 (1994).  Second, the prison official "must know of and disregard

9   an excessive risk to inmate health and safety." *Id.* at 1209 quoting *Farmer*, 511 U.S. at 837.

10      Plaintiff alleges that the disclosure of his medical status constitutes a violation of the 8th

11  Amendment because it placed him at risk of serious injury.  He cites a threat made by another

12  inmate, who had formerly cut Plaintiff's hair, calling the non-disclosure of HIV status "a stabable

13  offense." *See* Complaint (#31-1), p.10.  Plaintiff notes that he was transferred before any harm

14  actually occurred.  Threats of physical harm, such as being stabbed by another inmate, are

15  sufficiently serious to fulfill the first prong of *Farmer*.  Plaintiff submitted a grievance in October,

16  2014, informing the prison that the "potential for harm in the event of a non-consensual disclosure is

17  substantial."  Because Plaintiff has established a risk of serious harm and that prison officials were

18  on notice that substantial harm could occur, Plaintiff has sufficiently pled a claim for a violation of

19  the 8th Amendment.

20      **D.      Disability Discrimination**

21       In order to successfully plead an ADA claim, Plaintiff must establish that "(1) he is a

22  'qualified individual with a disability'; (2) he was either excluded from participation or denied the

23  benefits of a public entity's services, programs, or activities, or was otherwise discriminated against

24  by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of

25  his disability." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) citing *Weinreich v.*

26  *Los Angeles Cnty Metropolitan Trasp. Anth.*, 114 F.3d 976, 978 (9th Cir. 1997).  The Americans

27  with Disabilities Act applies to state prisons, such as the High Desert State Prison. *See Pa. Dep't of*

28  *Corrs. v. Yeskey*, 524 U.S. 206 (1998).  HIV qualifies as a "disability" under the ADA. *See*

6

1    *Bragdon v. Abbott*, 524 U.S. 624 (1998).  Plaintiff alleges that the prison prohibits him from taking

2    part in camp, fire camp, work release, and other opportunities due to his HIV status.  Plaintiff has

3    sufficiently pled a claim for disability discrimination.

4            **E.**      **State Medical Privacy Laws**

5         Plaintiff alleges that prison officials are liable for violating N.R.S. 441A.220 and N.R.S.

6    209.385.  N.R.S. 441A.220 prohibits the disclosure of a case or suspected case of a communicable

7    disease except in certain circumstances, while N.R.S. 209.385 provides for mandatory counseling

8    regarding HIV status for inmates.  Plaintiff alleges that the inadvertent disclosure of his HIV status

9    violates N.R.S. 441A.220, and that the prison offers no programs or counseling services for those

10    with HIV, in violation of N.R.S. 209.385.

11         Plaintiff is accusing Defendants of knowingly breaching their duties under these statutes.

12    Defendants' decision not to provide counseling may constitute intentional misconduct under N.R.S.

13    209.385, as Defendants are aware that counseling has been requested and has failed to provide it.

14    Furthermore, the disclosure of Plaintiff's HIV status may constitute a violation of N.R.S. 441A.220.

15    Plaintiff has therefore sufficiently stated a claim for violations of N.R.S. 441A.220 and N.R.S.

16    209.385.

17         If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed

18    that the court cannot refer to a prior pleading in order to make his amended complaint complete.

19    Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any

20    prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

21    complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended

22    complaint, the original pleading no longer serves any function in the case.  Therefore, in an

23    amended complaint, as in an original complaint, each claim and the involvement of each defendant

24    must be sufficiently alleged.

25    **IV.**      **Motion for Protective Order to Allow Plaintiff to Proceed Using Pseudonym (#34)**

26         Plaintiff moves for a protective order to allow him to proceed anonymously in this matter.  A

27    party may proceed anonymously in judicial proceedings "when the party's need for anonymity

28    outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  In order to prevent a party from being retaliated against, the Court should evaluate "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation."  *Id*.  Plaintiff's complaint is based on the prison's disclosure of his HIV status to the prison population, which has subjected him to threats of harm.  To require him to openly admit his HIV status through court filings could bring further harm on Plaintiff.  Therefore, the Court will grant Plaintiff's motion to proceed anonymously, but will entertain objections to this ruling from Defendants once Defendants have been served in this matter.

**V.      Motion for Leave to File a Longer Than Normal Complaint (#31)**

There is no specific page limit for a complaint.  The motion should therefore be denied as moot.  Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is **granted**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #1116666), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Longer than Normal Complaint (#31) is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint may proceed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Amended Complaint (#31-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the amended complaint and deliver the summons to the U.S. Marshal for service.  The Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada  89101.  After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served.  If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed Anonymously (#34) is **granted**.

DATED this 9th day of November, 2015.

GEORGE FOLEY, JR
UNITED STATES MAGISTRATE JUDGE

9